EARL JOSEPH SUITOR *vs.* STATE.

FEBRUARY 13, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the superior court ordering the issuance of a capias for the apprehension of the petitioner. The petitioner seeks to quash such action on the ground that his constitutional right, under article I, section 10, of the state constitution, to have the assistance of counsel in his defense has been violated. Because of this claim we ordered the writ to issue and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that on June 21, 1962 petitioner was adjudged probably guilty of five indictable offenses by the district court of the eighth judicial district. He was re-

leased by that court upon his recognizance, with $2,000 surety, to appear before the superior court in accordance with the provisions of G. L. 1956, §§12-10-6 and 12-13-1. On October 22, 1962 five indictments were returned against him by the grand jury which attended upon the superior court on September 17, 1962 and subsequent thereto.

On October 24, 1962 an assistant attorney general orally informed petitioner's counsel that the indictments had been returned and that petitioner should answer them upon the following day. On October 25, 1962 petitioner's counsel appeared before the superior court and informed the court that he had filed a demurrer to one of the indictments and written pleas of not guilty in the others and that he had given copies of them to the assistant attorney general. The superior court ruled that petitioner should appear in person to plead to the indictments. After being informed by petitioner's counsel that petitioner was not present, the court granted the request of the assistant attorney general that a capias be issued.

As we have previously stated, we ordered the writ to issue because petitioner alleged that his constitutional rights were violated. However, after careful consideration, we find no merit in his contention that the action of the superior court deprived him of his constitutional right to have the assistance of counsel in his defense. A reading of the transcript shows that the justice of the superior court did not rule that petitioner could not have the assistance of counsel. He merely ruled that petitioner must appear in person to plead to the indictments.

Although the transcript of the proceedings on October 25, 1962 shows that the assistant attorney general, in reply to an inquiry from petitioner's counsel, stated that the cases were called so that "the defendant may answer the charges brought by the State," the proceedings were clearly for the purpose of arraignment. The petitioner's contentions to

the contrary are without merit. He conceded at the hearing before us that a defendant's presence is required at an arraignment. For that reason we do not deem it necessary to belabor this issue.

In our opinion the petitioner was duty bound, under §§12-10-6 and 12-13-1, to appear in person for arraignment and the superior court's issuance of a capias for his apprehension, upon his failure to appear, was lawful. G. L. 1956, §8-2-35. In the circumstances we are of the opinion that the writ of certiorari was improvidently issued.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, for State.