212 A.2d 51.

STATE *vs.* MARCIA L. DOHERTY.

JULY 16, 1965.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J.   This is a petition for certiorari to review the action of the superior court in issuing a capias for the appearance of the petitioner for arraignment in that court on a complaint for a misdemeanor on which she had been tried and found guilty and from which sentence she had duly appealed to the superior court. We issued the writ and in compliance therewith the respondent has made due return of all its records and papers pertaining to such complaint.

It appears that petitioner was charged in the district court of the sixth judicial district with violation of G. L. 1956, §31-14-1.  She was arraigned, tried and found guilty whereupon she appealed to the superior court and was released on bail.   Thereafter on February 10, 1965 the attorney general notified petitioner to appear in the superior court on February 16, 1965 for arraignment on the charge set out in the complaint and warrant issued by the district court.   On that date petitioner did not personally appear but by counsel she offered to the court a waiver in writing of her right of jury trial and her right of confrontation together with a plea of not guilty.

The trial justice rejected the offer and demanded that counsel either produce petitioner in court or he would have her "picked up" on capias as requested by the attorney general.   Upon counsel's refusal to comply the trial justice ordered capias to issue.   The petitioner contends that this was error since she had already been arraigned in the dis-

trict court and hence there was no necessity for further arraignment in the superior court where her trial on appeal was to be de novo but on the same charge on which she was tried in the district court.

We think the question here may be summarily disposed of if we know for what purpose petitioner's personal presence was required on February 16, 1965. If she was to be tried on that day the trial justice in our opinion did not err in demanding her presence in person notwithstanding her offer through counsel to waive confrontation. From some language in the transcript it would seem that he understood it was the state's intention to put petitioner on trial at that time. We do not so understand the situation on the record before us.

The attorney general's notice of February 10, 1965 expressly states that she is to appear to be arraigned and there is no indication therein whatever of any notice of trial. Moreover, in his brief filed in the instant proceeding in this court he states, "the petitioner was notified to appear before the superior court for Providence County on February 19 [16], 1965 for arraignment." He says nothing at all therein about trial and argues that the legal questions involved are two. First, has a defendant an absolute and unilateral right to waive his arraignment in absentia, and, secondly, has the superior court power to require his presence for arraignment.

It is clear, therefore, that the only question here is whether in the circumstances of the case before him he had the power to command petitioner's presence for arraignment. Our answer is that he did not. The petitioner had already been arraigned and was at large on bail. Her appeal to the superior court carried that arraignment with it as well as her plea of not guilty, and her right to continued freedom on bail until the charge against her was finally determined. In this respect the case differs radically from *Suitor*

v. *State*, 95 R. I. 469, 187 A.2d 926, wherein we held that the court had the right to demand the presence of the accused for an arraignment where there had been none. As far as the narrow question here is concerned, we have no hesitancy in holding that the trial justice exceeded his jurisdiction in issuing a capias for the petitioner solely for the purpose of arraignment.

The petition for certiorari is granted, the decision of the trial justice and the capias thereby ordered to issue are quashed, and the records and papers heretofore certified to this court are ordered returned to the superior court with our decision endorsed thereon.

ROBERTS, J., dissenting. I am unable to agree with the conclusion reached by the majority in the instant cause. The issue with which this court is confronted does not involve, in my opinion, the question whether an appellant, when prosecuting an appeal for a trial de novo in the superior court from conviction on a criminal complaint in the district court, must be arraigned in the superior court prior to trial thereon.

On the contrary, I think that the real issue, which petitioner avoids rather adroitly in her brief, is whether the superior court has inherent power to issue its process for the purpose of apprehending the accused where it has jurisdiction both over the person of the appellant and the subject matter of the criminal complaint. I hold that such power inheres in the superior court and that in all the circumstances it was not an abuse of the court's discretion to cause its process to issue in an exercise thereof.

It is clear from the record that the superior court, having jurisdiction over the appellant in the criminal appeal, requested counsel for the appellant to give assurance that she would appear in court to prosecute her appeal. It is equally clear from the record that counsel for the petitioner declined to give the court such assurance. I am persuaded,

therefore, that the court, in a proper exercise of its inherent power, issued process for the apprehension of the petitioner. For this reason I would quash the petition for certiorari as having been improvidently issued.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.